## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Josephina Omerichamoi

      Plaintiff           Case No:

v.

                               **COMPLAINT**
                               JURY TRIAL DEMANDED

Home Depot

      Defendant

Plaintiff, Josephina Omerichamoi ("Ms. Omerichamoi"), as and for her Complaint against Defendant, Home Depot, Inc. ("Home Depot"), through her attorney, states and alleges as follows:

### PARTIES

1. Ms. Omerichamoi is a resident of Rochester County in the State of Minnesota residing at 1834 Evergreen Dr. NW Rochester, MN 55901.

2. Home Depot is an American for-profit corporation with its principal place of business and registered office address at 2455 Paces Ferry Road SE Atlanta, GA 30339.

3. Home Depot owns store #2826 at 3050 41st Street NW, Rochester, MN 55901. Ms. Omerichamoi worked at this store.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e; and 42 U.S.C. § 1981.

4. Venue is proper in the District of Minnesota because the unlawful employment discrimination and retaliatory actions giving rise to Ms. Omerichamoi's claims occurred at Home Depot's facility in Rochester, Minnesota.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Ms. Omerichamoi has exhausted her administrative remedies. On June 29, 2023 she filed a Complaint with the EEOC alleging racial and sexual harassment. She was issued a Right to Sue Letter on July 7, 2023 but did not pursue the charge further.

6. When the racial and sexual harassment occurred again in November and Home Depot did nothing, on or about April 15, 2024, Ms. Omerichamoi filed a timely administrative charge against Home Depot with the Equal Employment Opportunity Commission (EEOC) and the Minnesota Department of Human Rights. She alleged discrimination based upon sex and race/Black in violation of Title VII of the Civil Rights Act of 1964 as

amended, 42 U.S.C. Sec. 2000 e, et seq..; retaliation; and discrimination under the Minnesota Human Rights Act (MHRA).

7. On or about April 22, 2024, Ms. Omerichamoi was issued a notice of right to sue on her claims from the EEOC to file a law suit in court by July 21, 2024. This lawsuit followed.

## FACTUAL ALLEGATIONS

8. Ms. Omerichamoi is a 24 year-old African-American female who is originally from Kenya, in Africa. She was employed by Home Depot-Rochester as a full-time sales associate from October 10, 2022 through January 20, 2024.

9. As a Sales Associate, Ms. Omerichamoi was responsible for keeping assigned areas clean, organized, and safe. She provided quick and friendly customer service and ensured a secure working and shopping environment by following all Home Depot's safety policies and standards. This included working safely to prevent harm to herself or others, completing required safety training, and promptly addressing or reporting any hazards or unsafe conditions.

10. Ms. Omerichamoi diligently performed her duties and consistently excelled in her role as a sales associate. Ms. Omerichamoi's dedication and

competence significantly contributed to the overall success of the store sales as evidenced by positive feedback from customers.

11. On January 2, 2023, Ms. Omerichamoi reported to work at about 6 a.m. as scheduled. She was the only one in the flooring department that day. On or about 7 a.m., store manager, Douglas Wentzel called her into the office in the back.

12. When Ms. Omerichamoi got to the office, Mr. Douglas put his hand on her shoulder and told her that if she wants a raise, she should have sex with him; he will use a condom; and no one will know about it. Ms. Omerichamoi removed his hand and walked out of the office.

13. Ms. Omerichamoi was shocked and walked around looking for someone to talk to. She found Jessica Brettin, assistant manager, in the back and told her what had just happened. Ms. Brettin told Ms. Omerichamoi not to talk to anyone and to keep it confidential.

14. When no one at Home Depot followed up with Ms. Omerichamoi about her complaint of sexual harassment, on January 10, 2023, she called Human Resouces and reported the complaint of sexual harassment.

15. Following her complaint on the ethics line, on February 21, 2023. Mark Stanley Home Depot's District Human Resource Manager came to

Rochester. At about 1:30 p.m. Ms. Omerichamoi was told that she was needed in the office.

16. When Ms. Omerichamoi entered the office, there was Mark Stanley and Jessica Brettin. Ms. Omerichamoi did not know who Mark Stanley was as he did not introduce himself. Mark Stanley said there was a concern but it was not about Ms. Omerichamoi but she wanted to know if Ms. Omerichamoi had any concerns of her own.

17. Ms. Omerichamoi narrated what had happened on January 2, 2023 in the office with Douglas Wentzel. She also told them about Mr. Douglas calling her a monkey.

18. Mark Stanley told Ms. Omerichamoi that she was a liar and that if she accuses Douglas Wentzel again she would be fired from her job. Jessica Brettin did not say anything relating to the complaint that Ms. Omerichamoi had reported to her.

19. Ms. Omerichamoi was given a blank sheet of paper to write her concerns. She wrote it down and signed. She asked for a copy but was told it was confidential. After Ms. Omerichamoi left the office, she called the Home Depot ethics line and reported what had just happened.

20. Ms. Omerichamoi waited for Home Depot's response to her complaint and heard nothing. On June 29, 2023, she filed a charge of discrimination with the EEOC.

21. The EEOC did not investigate Ms. Omerichamoi's complaint and on July 7, 2023 issued a right to sue letter. Ms. Omerichamoi could not obtain counsel to file her complaint in court and time ran out on her.

22. On November 11, 2023, Ms. Omerichamoi came to work and was called into Douglas Wentzel's office. Mr. Wentzel told Ms. Omerichamoi that she could get a raise if she had sex with him. He will use a condom; there will be no pregnancy and no want will know about it.

23. On January 20, 2024 while Ms. Omerichamoi was at work, her co-worker Elovia Alcala called her the "N" word and told her that she can do that in Rochester and get away with it. This was not the first time that Ms. Alcala had used the "N" to refer to Ms. Omerichamoi.

24. Before the end of her shift, Ms. Omerichamoi went to the manager's office to report what had happened between her and Ms. Alcala. When she got to the office, Ms. Alcala was in the office with Mr. Wentzel. Ms. Omerichamoi noticed that the two of them were talking and there was a laptop open with Ms. Omerichamoi information on the screen.

25. Mr. Wentzel asked Ms. Omerichamoi why she was there and she told him that she had come to report what Ms. Alcala did while they were working on the floor. After Ms. Omerichamoi had recounted what happened, Mr. Wentzel responded that Elovia would not do something like that. He asked Ms. Omerichamoi to get the "fuck" out of his office.

26. Mr. Wentzel told Ms. Omerichamoi to clock out and not come back to Home Depot. Ms. Omerichamoi clocked out and went home distraught and in tears. After Ms. Omerichamoi got home, she called Jessica Brettin at about 2 p.m and asked her to ask Douglas Wentzel if she could come back to work the following day. At 2:06 p. m. Mr. Wentzel called and told Ms. Omerichamoi that she cannot come back to work.

27. The following day January 21, 2024, Ms. Omerichamoi was in bed all day trying to recover from her sudden termination and the way she had been treated by Home Depot.

28. Even though she was told by Mr. Wentzel to clock out and not return to Home Depot, on January 21, 2024 Ms. Omerichamoi received an email from Home Depot stating that she had been placed on administrative leave. On January 22 and 23, 2024, there were missed calls from a person named, Bo at Home Depot corporate office in Atlanta which Ms. Omerichamoi did not return.

29. Sometime around 6 p.m. Rochester Police officers knocked on the door and said they were looking for Ms. Omerichamoi. Ms. Omerichamoi was informed that Elovia Alcala had filed a complaint that she pulled at knife at her, threatened and assaulted her.

30. Ms. Omerichamoi's work purse was searched and no knife was found. She was arrested and taken to the Olmstead County jail where she spent the night. Ms. Omerichamoi was scared and traumatized by the experience.

31. On January 22, 2024, Ms. Omerichamoi was taken before a judge where she pled not guilty and was released on her own recognizance. After her release later that day, Ms. Omerichamoi went home traumatized and deeply saddened that she did not only lose her job but was charged for an assault that did not happen. When she got her phone back from the police, there was a message from Home Depot but she did not call back.

32. On the same day Ms. Alcala filed a harassment claim against Ms. Omerichamoi in Olmstead County District Court.

33. On January 23, 2024, Ms. Omerichamoi was still feeling traumatized and depressed, so she went to the emergency room. That same day, Ms. Omerichamoi received an email from Home Depot asking her to return to work on January 24, 2024. Mr. Wentzel also called and left a voicemail but Ms. Omerichamoi did not call back.

34. On January 24, 2024, Ms. Omerichamoi filed a second complaint of race discrimination and sexual harassment with the EEOC. A notice of the right to sue was issued April 22, 2024. This lawsuit then followed.

35. Home Depot did not pay Ms. Omerichamoi for all the hours that she had worked before she was asked to leave and never return.

## FIRST CAUSE OF ACTION

## SEXUAL HARRASSMENT AND SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

36. The preceding paragraphs are incorporated herein as set forth in full.

37. Ms. Omerichamoi, a female, is a member of a protected class and is entitled to the protections of the law, including, but not limited to, the right to be free from sexual harassment in her employment.

38. Throughout Ms. Omerichamoi's employment with Home Depot, she met applicable job qualifications, was qualified for the position which she held, and performed the job in a manner which fully met or exceeded the Home Depot's legitimate expectations.

39. During Ms. Omerichamoi's employment with Home Depot, Mr. Wentzel subjected Ms. Omerichamoi to repeated and unwelcome sexual advances and sexually motivated physical contact, including but not limited to: inappropriate explicit sexual remarks and innuendo at Home Depot.

40. Home Depot knew of the sexual harassment because Ms. Omerichamoi reported the aforementioned sexual harassment to Home Depot's management.

41. Home Depot took no action on the allegations of sexual harassment made by Ms. Omerichamoi.

42. Home Depot discriminated against Ms. Omerichamoi based on her sex in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This violation of Title VII is a continuing violation.

43. The last incident of Mr. Wentzel's sexual harassment of Ms. Omerichamoi occurred on January 20, 2024. Rebuffing her latest sexual advance and sexually motivated physical contact, Mr. Wentzel verbally terminated Ms. Omerichamoi's employment from the Home Depot.

44. As a direct and proximate result of Mr. Wentzel's and Home Depot's sexual harassment, Ms. Omerichamoi has suffered and continues to suffer economic damages (lost wages and job benefits), severe emotional distress, mental anguish, embarrassment, humiliation, and physical suffering. All of these damages are as yet undetermined but are believed to be an amount in excess of $75,000.00.

## SECOND CAUSE OF ACTION

## SEXUAL HARASSMENT AND SEX DISCRIMINATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

45. The preceding paragraphs are incorporated herein as set forth in full.

46. Home Depot, through its managers and supervisor acting on behalf of Home Depot and within the scope of their employment, engaged in unlawful employment practices involving Ms. Omerichamoi in violation of the Minnesota Human Rights Act, <u>Minn. Stat. § 363A.01 *et. seq.*</u> These practices include, but are not limited to: Home Depot's derogatory events and failure to promote Ms. Omerichamoi without soliciting sexual favors.

47. The sexual harassment suffered by Ms. Omerichamoi was based on sex, as defined in the MHRA.

48. Throughout this process, Home Depot failed to follow the standards and policies it has set for itself to comply with its obligations under Minnesota law.

49. Home Depot failed to take all reasonable steps to prevent the harassment and discrimination based upon Ms. Omerichamoi's sex from occurring.

50. The effect of the practices complained of above has been to deprive Ms. Omerichamoi of equal employment opportunities and otherwise adversely affecting her status as an employee because of her sex.

51. The unlawful employment practices complained above were intentional and were performed by Home Depot with malice or reckless indifference to antidiscrimination laws, which protect Ms. Omerichamoi.

52. As a direct and proximate result of Home Depot's illegal conduct, Ms. Omerichamoi has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages to be proven at trial, in excess of $75,000.

## THIRD CAUSE OF ACTION

## REPRISAL DISCRIMINATION IN VIOLATION OF TITLE VII

53. The preceding paragraphs are incorporated herein as set forth in full.

54. Ms. Omerichamoi is entitled to the protections of Title VII, <u>42 U.S.C. § 2000e</u> <u>*et seq.*</u> including but not limited to the right to be free from retaliation for opposing sexual harassment.

55. On several occasions during her employment, Ms. Omerichamoi reported and opposed the sexual harassment she was subjected to.

56. Because of Ms. Omerichamoi's reports and opposition to the sexual harassment, Home Depot retaliated against Ms. Omerichamoi through the end of her employment, including but not limited to subjecting her to

adverse working conditions, made false accusations about her, subjected her to false disciplinary actions, and ultimately terminated her employment.

57. Such actions constitute retaliation and reprisal discrimination violating 42 U.S.C. § 2000e-3(a)

58. As a direct and proximate result of Home Depot's retaliation and reprisal, Ms. Omerichamoi has suffered and continues to suffer economic damages (lost wages and job benefits), severe emotional distress, mental anguish, embarrassment, humiliation, and physical suffering. All of these damages are as yet undetermined but are believed to be an amount in excess of $75,000.00.

## FOURTH CAUSE OF ACTION

## REPRISAL DISCRIMINATION IN VIOLATION OF THE MHRA

59. The preceding paragraphs are incorporated herein as set forth in full.

60. Home Depot is an "employer" under the Minnesota Human Rights Act ("MHRA"). Minn. Stat. § 363A.03, subd. 16.

61. Ms. Omerichamoi is an "employee" under the MHRA. Minn. Stat. § 363A.03, subd. 15.

62. Under Section 363A. 15 of the MHRA, "it is an unfair employment practice for any . . . employer ... to intentionally engage in any reprisal against any person because that person: (1) opposed a practice forbidden under this

chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." Minn. Stat. § 363A.15.

63. Ms. Omerichamoi's opposed discrimination in the workplace when she complained to Ms. Brettin, Mr. Stanley and the Ethics line about the sexual harassment she was encountering from Mr. Wentzel.

64. Ms. Omerichamoi's discharge was a reprisal under the MHRA.

65. Home Depot's conduct violated Minn. Stat. § 363A.15 because Ms. Omerichamoi's opposed discrimination  and was subjected to Home Depot's departure from customary employment practices, including, but not limited to, reprisal by Home Depot, Home Depot threatening further reduced hours and possible termination, issuing unwarranted unpaid leave of absence and terminating her employment.

66. As a direct and proximate result of Home Depot's wrongful conduct, Ms. Omerichamoi sustained lost wages and benefits, medical expense, mental anguish, other pecuniary and non pecuniary damages, attorney's fees, and other damages recoverable under the Minnesota Human Rights Act, in an amount to be determined at trial, in excess of $75,000.

# FIFTH CAUSE OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

67. The preceding paragraphs are incorporated herein as set forth in full.

68. At all relevant times herein, Ms. Omerichamoi was an employee within the meaning of 42 U.S.C. § 2000e(f).

69. At all relevant times herein, Home Depot was an employer within the meaning of 42 U.S.C. § 2000e(b).

70. At all relevant times herein, Home Depot was engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(h).

71. In 2023 and 2024, Home Depot engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e-2(a) by discriminating against Ms. Omerichamoi with respect to the terms, conditions, and privileges of her employment because of Ms. Omerichamoi 's race, African-American, including but not limited to, calling Ms. Omerichamoi a monkey and using the "N" word.

72. Home Depot's acts of race discrimination against Ms. Omerichamoi were intentional and were committed with malice and reckless indifference to Ms. Omerichamoi 's federally-protected rights.

73. As a result of Home Depot's actions, Ms. Omerichamoi has suffered and will in the future suffer lost wages and benefits of her employment,

emotional distress, mental anguish and mental suffering, attorney's fees and other costs associated with Home Depot's decisions and actions, and other losses and damages totaling in excess of Seventy-Five Thousand Dollars ($75,000.00).

## SIXTH CAUSE OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF THE MHRA

74. The preceding paragraphs are incorporated herein as set forth in full.

75. At all relevant times herein, Ms. Omerichamoi was an employee within the meaning of the Minnesota Human Rights Act, <u>Minn. Stat. § 363A.03, subd. 15</u>.

76. At all relevant times herein, Home Depot was an employer within the meaning of the Minnesota Human Rights Act, <u>Minn. Stat. § 363A.03, subd. 16</u>.

77. In 2023 and 2024, Home Depot engaged in unlawful employment practices in violation of the Minnesota Human Rights Act, <u>Minn. Stat. § 363A.08, subd. 2</u>, by discharging Ms. Omerichamoi and discriminating against Ms. Omerichamoi with respect to his tenure, compensation, terms, upgrading, conditions, facilities, and privileges of employment.

78. Such acts of discrimination were intentional and were committed with malice and reckless indifference to Ms. Omerichamoi 's federally-protected rights.

79. As a result of Home Depot's actions, Ms. Omerichamoi has suffered and will in the future suffer lost wages and benefits of her employment, emotional distress, mental anguish and mental suffering, attorney's fees and other costs associated with Home Depot's decisions and actions, and other losses and damages totaling in excess of Seventy-Five Thousand Dollars ($75,000.00).

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80. The preceding paragraphs are incorporated herein as set forth in full.

81. The employment relationship between Ms. Omerichamoi and Home Depot requires a greater obligation to refrain from inflicting mental or emotional distress than would apply to a relationship between strangers.

82. Douglas Wentzel and Elovia Alcala concocted a story that Ms. Omerichamoi pulled a knife on them when she went to complain about an incident she had with Ms. Elovia.

83. That story led to the Rochester Police Department arresting and detaining Ms. Omerichamoi.

84. Home Depot had a duty to refrain from degrading behavior toward Ms. Omerichamoi.

85. Home Depot breached their duty by their reckless disregard of Ms. Omerichamoi's interests.

86. Home Depot knew or should have known that emotional distress was certain or substantially certain to result from their conduct.

87. The actions of Home Depot constitute outrageous conduct beyond the bounds of decency and are intolerable in a civilized society.

88. The extreme and outrageous nature of the conduct is heightened by the relationship between Home Depot and Ms. Omerichamoi's and Home Depot's power to damage Ms. Omerichamoi's 's interest and Home Depot's authority and ready ability to stop or prevent the harmful actions.

89. As a direct and proximate result of Home Depot's outrageous conduct, Ms. Omerichamoi's has suffered and continues to suffer personal injury, emotional distress, mental anguish, depression, sleeplessness, humiliation, loss wages, loss reputation, pain and suffering and other serious injury totaling in excess of Seventy-Five Thousand Dollars ($75,000.00).

## EIGHTH CAUSE OF ACTION

## PUNITIVE DAMAGES

90. The preceding paragraphs are incorporated herein as set forth in full.

91. Ms. Omerichamoi is entitled to recover punitive damages as a matter of law.

92. The many unlawful and unconscionable acts complained of herein, the conspiracies contemplated between Douglas Wentzel and Elovia Alcala, the willful and intentional violations of  Ms. Omerichamoi 's Civil and Constitutional rights,  the unlawful malicious prosecutions prosecution of legal action for harassment, the reckless disregard for law and Ms. Omerichamoi 's  civil rights, and for the other unlawful offenses committed, including the oppression, the deliberate infliction of mental and emotional distress, physical and mental pain, the wrongful and unjust frivolous harassment action, and especially the reckless, wanton, careless and deliberate disregard for civil rights, and for other reason at law.

93. Ms. Omerichamoi is entitled to recover punitive damages, in addition to actual damages. Home Depots should be punished as a matter of law for the despicable acts complained of herein exceeds all bounds of a decent society, was egregiously invidious, *Extreme and Outrageous,* and was further done with malice, and full knowledge with the intent to harm Ms. Omerichamoi .

## REQUEST FOR RELIEF

Wherefore, Ms. Omerichamoi respectfully prays for the following relief:

A.    Grant a judgment in favor of Ms. Omerichamoi in an amount to be proven at trial, in excess of $75,000.

B.   Order Home Depot to institute and carry out policies, practices and programs which provide equal employment opportunities and which eradicate the unlawful employment practices to which Ms. Omerichamoi was subjected.

C.   Order Home Depot to make Ms. Omerichamoi whole, by providing compensation for past and future wage losses, compensatory damages, mental anguish damages, employment benefits and non-pecuniary losses resulting from the unlawful practices complained of above, including pain and suffering and emotional distress in amounts in excess of $75,000.00 to be determined at trial.

D.   Order Home Depot to pay statutory punitive damages for its malicious and reckless conduct described above, in amounts in excess of $75,000.00 to be determined at trial.

E.   Order Home Depot to pay statutory treble damages for unfair employment practices engaged in by Home Depot pursuant to the MHRA, <u>Minn. Stat. § 363A.29</u>, Subd. 4.

F.   Order Home Depot to pay the statutory civil penalty for unfair employment practices engaged in by Home Depot pursuant to the MHRA, <u>Minn. Stat. § 363A.29</u>, Subd. 4.

G.     Award Ms. Omerichamoi costs and reasonable attorneys' fees related to this action.

H.     Grant such further relief as the Court deems just, proper, and equitable.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Ms. Omerichamoi requests a jury trial on all questions of fact raised by her Complaint.


Dated: July 17, 2024

s/Michael Fondungallah
Michael Fondungallah (310748)
Fondungallah & Kigham, LLC
2499 Rice Street Suit 154
Saint Paul, MN 55113
Tel: (651) 482-0520
Fax: (651) 482-0530
mfondungallah@fondlaw.com
Attorney for Plaintiff, Josephina Omerichamoi
